■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK PERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered April 17, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions with respect to the prosecutor's summation comments are largely unpreserved for appellate review (see, CPL 470.05 [2]). In any event, any error by the prosecutor was harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230, 242). Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY REICHMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (LeVine, J.), rendered June 10, 1991, convicting him of attempted murder in the second degree and robbery in the first degree, upon his plea of guilty, and sentencing him to concurrent indeterminate terms of 4⅓ to 13 years imprisonment on each conviction.

Ordered that the judgment is affirmed.

The defendant contends that his guilty plea was not entered knowingly and voluntarily because the court did not clearly convey the promised sentence. However, during the plea proceedings, the court, without any ambiguity, informed the defendant that the minimum sentence it would impose would be 2 to 6 years imprisonment and the maximum sentence would be 5 to 15 years imprisonment. Accordingly, the defendant's contention is without merit. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.